```
 1  PETER N. HADIARIS, ESQ.
    State Bar No. 122590
 2  100 E. St. Ste 210
    Santa Rosa, CA 95404
 3  415/694-0052
    peter@hadiaris.com
 4  Attorney for debtor
 5
 6
 7
 8                    UNITED STATES BANKRUPTCY COURT
 9                    NORTHERN DISTRICT OF CALIFORNIA
10  In Re:                          )
                                    )
11  SF OAKLAND BAY LLC              )   No. 25-30699 HLB
                                    )
12            Debtor(s)             )   Chapter 11
                                    )
13            TIN: 5836             )   DEBTOR SF OAKLAND BAY'S
    _____)   EX PARTE APPLICATION AND
14                                      MOTION FOR AUTHORITY TO
                                        USE CASH COLLATERAL
15
         The debtor, SF Oakland Bay LLC ("SFOB"), moves for an order
16
    under 11 USC 363(c)(2)(B) and FRBP 4001(b) authorizing it to use
17
    cash collateral - parking revenues and the proceeds in the
18
    debtor's accounts at JP Morgan Bank - in the ordinary course of
19
    its business and for payment of administrative expenses during
20
    this case.  SFOB also applies for an ex parte order immediately
21
    authorizing the use of cash collateral on an interim basis until
22
    a final hearing.  This motion is based on the accompanying
23
    declarations of Joseph Chua and Peter N. Hadiaris, the
24
    accompanying stipulation between the debtor and the Bank of
25
    Hawaii, and such other evidence as may come before the court.
26
         The Court has jurisdiction to consider this motion under 28
27
    USC §§ 157 and 1334.  This is a core proceeding pursuant to 28
28
                                    1
```

USC § 157(b).

The Debtor operates a parking garage at 401 Main Street/38 Bryant St., San Francisco, CA. The garage provides licensed monthly parking to the Portside Condominium complex and neighboring office and residential buildings. The Debtor's financial distress stems from limitations on the debtor's ability to raise parking fees over time contained in perpetual license agreements recorded in the 1980's and 1990's, while no such limits apply to the Debtor's expenses. The debtor filed this case to reject the license agreements, raise rates to near market, and thereby restore financial viability to the garage.

100% of the debtor's operating revenue comes from monthly fees charged to patrons of the garage, who are nearby residents and office workers. The debtor needs access to these funds to pay its normal operating expenses, which include its mortgage with Bank of Hawaii, condominium dues to the Portside Master Owners Association (the garage is a unit in a mixed use condominium project), insurance, property tax, repairs, management fees to the garage operator, and other ordinary business expenses, during the pendency of the case.

The garage revenues are subject to cash collateral rights of four of the debtor's creditors, in order of priority:

(1) Bank of Hawaii - the bank has a first deed of trust on the garage, which grants a security interest in rents and "personalty", Chua Decl. Exh. 1, at 7, §§2.2, 2.3, which includes the debtor's accounts. Exh. 1, pp. 1 ("Accounts"), 5 ("Personalty"). The bank has stipulated to the use of its cash

2

collateral in accordance with the terms of the accompanying stipulation.

(2) US Small Business Administration - the SBA has a second position lien securing the debtor's SBA loan, Chua Decl. Exh 2, at 1 perfected by the filing of a financing statement with the California Secretary fo State. Hadiaris Decl. Exh 5. The debtor proposes to give the SBA a replacement lien on newly generated cash collateral as adequate protection, and will maintain current payments on the loan during the case.

(3) 21st Century Corporation - 21st has a third priority lien on cash collateral based on its second priority deed of trust on the garage, recorded April 11, 2025. This deed of trust also has a standard rents and profits clause. Chua Decl. Exh 3, at 5, ¶3. 21st is an insider, and has consented to use. Chua Decl. Exh 4.

(4) Continental Casualty Insurance - CCI has a fourth priority interest in the cash collateral by virtue of a personal property judgment lien it filed with the Secretary of State on June 27, 2025. Hadiaris Decl. Exh 6. This lien was created to enforce a judgment obtained by its assignor, Portside Homeowners' Association, on September 24, 2024. However, it was created less than 90 days before the petition was filed; because the lien is clearly preferential, the debtor requests that the court grant this motion without ordering adequate protection.

Therefore, the debtor requests that the court grant the motion, and authorize the debtor to use garage revenues for ordinary business expenses and administrative expenses for the

3

Case: 25-30699    Doc# 5    Filed: 09/03/25    Entered: 09/03/25 15:40:51    Page 3 of 4

duration of the case, with adequate protection to the Bank of Hawaii as set forth in its stipulation, and continued monthly payments and a replacement lien to the Small Business Administration as adequate protection.

Dated: September 3, 2025   PETER N. HADIARIS, ESQ.

              ***Peter N. Hadiaris***
              Peter N. Hadiaris, Esq.
              Attorney for debtor

4