PETER N. HADIARIS, ESQ.
State Bar No. 122590
100 E. St. Ste 210
Santa Rosa, CA 95404
415/694-0052
peter@hadiaris.com
Attorney for debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:

SF OAKLAND BAY LLC

          Debtor(s)

No. 25-30699 HLB

Chapter 11

STIPULATION SUPPORTING MOTION FOR USE OF CASH COLLATERAL

    Debtor SF Oakland Bay LLC and secured creditor Bank of Hawaii stipulate:

    <u>Background Recitals</u>

    A. SF Oakland Bay ("SFOB") owns and operates the parking garage at the Portside condominium project, located at 401 Main St. and 38 Bryant St., San Francisco, CA. The garage is a separate parcel in the condominium complex.

    B. Bank of Hawaii ("BoH") holds a properly recorded first priority deed of trust on the garage. The deed of trust contains a clause giving BoH a security interest in the rents and profits of the garage, which includes parking revenues. BoH also holds SFOB's certificate of deposit (see schedule B) with approximately $175,000 in it as additional collateral.

1

C. The garage generates its income from monthly parking fees collected from residents of the Portside condominium project and residents or employees at neighboring properties. The garage is currently not open for daily public parking, but it has been in the past and may be in the future.

D. The parking revenues which constitute BoH's cash collateral are the only source of operating income for SFOB.

E. The monthly payments on BoH's deed of trust are current.

Stipulation

1. SFOB may use current and future parking revenues which would otherwise constitute BoH's cash collateral for payment of ordinary business expenses and administrative expenses of this case upon the following conditions:

   (a) SFOB remains current on the monthly payments due on the September 16, 2016 note secured by BoH's deed of trust, on performing its obligations under the deed of trust, and on property taxes on the garage.

   (b) BoH shall have a replacement lien on future parking revenues and on all accouonts related thereto on the same terms and conditions it would have had if this case had not been filed.

2. SFOB's certificate of deposit is not subject to this stipulation, and BoH shall continue to hold it in accordance with the terms of the parties' agreement.

3. SFOB's guarantors (see schedule H) have consented to this stipulation by executing a consent form satisfactory to BoH.

4. Court approval of this stipulation does not constitute a finding that the Bankground Recitals are true for any purpose

Case: 25-30699    Doc# 5-1    Filed: 09/03/25    Entered: 09/03/25 15:40:51    Page 2 of 3

1 | other than this stipulation.
2 |
3 | Dated: August 21, 2025      PETER N. HADIARIS, ESQ.
4 | *Peter N. Hadiaris*
     Peter N. Hadiaris, Esq.
5 |      Attorney for debtor
     SF Oakland Bay LLC
6 |
    Dated: August 21, 2025
7 |
8 |      _____
9 |      Attorney for secured
     creditor Bank of Hawaii

3