GREGORY S. POWELL (SBN 182199)
Assistant United States Trustee
PAUL G. LEAHY (CA SBN 320775)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: paul.leahy@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**SF OAKLAND BAY LLC,**<br><br>Debtor-in-Possession. | Bankruptcy Case No. 25-30699-HLB<br><br>Chapter 11<br><br>Date: TBD<br>Time: TBD<br>Place: In Person/Zoom Videoconference<br>450 Golden Gate Ave, Courtroom 19<br>San Francisco, CA 94102 |

**OBJECTION OF THE UNITED STATES TRUSTEE
AND RESERVATION OF RIGHTS**

Peter C. Anderson, the United States Trustee for Region 17 (the "U.S. Trustee"), by and through the undersigned counsel, hereby files this *Objection of the United States Trustee and Reservation of Rights* (the "Objection") objecting to the *Debtor SF Oakland Bay's Ex Parte Application and Motion for Authority to Use Cash Collateral* (ECF No. 5) (the "Motion") filed by debtor SF Oakland Bay LLC (the "Debtor"). In support of the Objection, the U.S. Trustee respectfully represents as follows:

/ /

1

## I. INTRODUCTION

The Motion requesting authorization to use cash collateral earned from 401 Main Street and 38 Bryant Street, San Francisco, California (the "Parking Garage") should be denied as grossly deficient because the Debtor has not provided any proof that it has been served on each entity with an interest in the cash collateral, all those who must be served under Fed. R. Bankr. P. 4001(a)(1)(A), or the U.S. Trustee as required by Fed. R. Bankr. P. 4001(b)(1)(C).[1] The Motion should also be denied because it requests authority to use cash collateral ex parte instead of after a properly noticed hearing as required by Fed. R. Bankr. P. 4001(b)(2) and Local Bankruptcy Rule ("LBR") 9014(b)(1)(A). Finally, the Motion should be denied because it fails to summarize all material provisions of the relief requested, including how the cash collateral will be used and the material terms of use, including duration, because it does not include a proposed budget delineating the proposed use as required by Fed. R. Bankr. P. 4001(b)(1)(B) and the *Guidelines for Cash Collateral & Financing Motions & Stipulations (Effective 1/1/2006)* promulgated by the U.S. Bankruptcy Court for the Northern District of California. Any relief would also necessarily need to be limited to only interim relief because the Debtor has not provided any evidence showing that the U.S. Small Business Administration ("SBA") or Continental Casualty Insurance ("CCI") have consented to the use of cash collateral.

This Objection is supported by the following Memorandum of Points and Authorities incorporated herein and the record in this case.[2]

---

[1] Hereafter, all references to "Section" in the Objection are to provisions of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* All references to "Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] The U.S. Trustee requests that the Court take judicial notice of all documents filed in this case pursuant to Federal Rule of Evidence 201, as made applicable by Rule 9017.

The U.S. Trustee reserves all rights with respect to the Motion and Objection, including, but not limited to the right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Northern District of California.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Standing

1. Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code. To enable the U.S. Trustee to carry out that duty, Congress has granted the U.S. Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. The U.S. Trustee consents to this Court entering final orders in this matter.

### B. General Case Background

2. On September 3, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code. ECF No. 1. The Petition was signed by the President of the Debtor's Managing Member Joseph Chua. *Id.* at 4. The Debtor is currently a debtor-in-possession under section 1107.

3. The Debtor filed the Summary of Assets and Liabilities for Non-Individuals (the "Summary"), Schedules A/B through H (the "Schedules"), Statement of Financial Affairs (the "SOFA"), and the other documents required to be filed by 11 U.S.C. § 521 with the Petition. *See id.*

4. The meeting of creditors is scheduled to be held on September 29, 2025 with an initial status conference scheduled to be held on November 6, 2025. *See* ECF No. 13; Docket *generally*.

      a. **The Schedules report that the Debtor owns a parking garage, financial accounts with Bank of Hawaii and JPMorgan Chase Bank, N.A., office equipment, and accounts receivable.**

5. The Summary reports that the Debtor has total assets of $6,416,741.86 comprised of the Parking Garage, which is asserted to be worth $6,000,000, $226,741.86 held in cash and cash equivalents in Bank of Hawaii and JPMorgan Chase Bank, N.A. ("Chase Bank") accounts, $130,000 in accounts receivable, $20,000 in office equipment, and $40,000 in tax refunds. *See* ECF No. 1 at 11-19. The Debtor also excluded from the Summary but reported on Schedule A/B possessing various legal claims totaling $1,600,000. *See id.* at 20.

6. The Summary also reported the Debtor owes liabilities totaling $7,328,471.06 comprised of $6,438,425.09 in secured claims, $0.00 in priority unsecured claims, and $890,045.97 in non-priority unsecured claims. *See id.* at 11 & 21-28.

7. Schedule D reports the Debtor owes secured debts to the Portside Master Owner Association, Bank of Hawaii, SBA, 21st Century Corporation, and CCI. *See id.* at 21-22.

8. Schedule E/F reports the Debtor owes non-priority unsecured debts to a number of vendors and insiders. *See id.* at 25-28.

9. The Debtor listed executory contracts and unexpired leases with neighboring condominium complexes, neighborhood offices, and residential buildings as well as individual tenants of those buildings on Schedule G. *See id.* at 29-54.

10. According to Schedule H, the President of the Debtor's Managing Member, Joseph Chua, his spouse Rowena Chua, and JJEF Partnership and JR4f Corporation are liable on the secured debt owed to the Bank of Hawaii. *See id.* at 55. Mr. Chua is also personally liable on the debt owed to the SBA. *See id.*

/ /

/ /

### b. The Ex Parte Motion Requests Authority to Use Cash Collateral.

11. The Debtor filed the Motion along with a supporting declaration of Joseph Chua (the "Chua Decl.") the same day as the Petition. *See* ECF No. 5. The Motion requests in relevant part that the Court immediately grant the Debtor authority to use cash collateral on an interim basis ex parte until a final hearing on the Motion. *See id.* at 1. A certificate of service has not been filed in support of the Motion and the Chua Decl. *See* Docket *generally*.

12. In support of that relief, the Motion asserts that the Debtor filed this case to reject perpetual license agreements recorded in the 1980s and 1990s that limit the Debtor's ability to raise parking fees over time. *See id.* at 2.

13. The Motion identifies the Bank of Hawaii, SBA, 21st Century Corporation, and CCI as all having a security interest in the cash collateral. *See id.* at 2-3. The Motion and Chua Decl. report that Bank of Hawaii and 21st Century Corporation, but not the SBA or CCI, consent to the use of cash collateral. *See id.*; *see also* ECF No. 6 at 1-3 & 50. The Motion and Chua Decl. assert that the SBA is adequately protected because the Debtor will grant the SBA replacement liens on newly generated cash collateral and remain current on post-petition loan payments. *See* ECF Nos. 5 at 3 & 6 at 2. The Motion and Chua Decl. also indicate that the Debtor asserts the security interest of CCI is a preference and requests the Court grant the Motion without ordering adequate protection be afforded to CCI. *See* ECF Nos. 5 at 3 & 6 at 3.

14. The Motion states that the cash collateral will be used to pay the Debtor's normal operating expenses, including paying the first position mortgage owed to the Bank of Hawaii, condominium dues owed to the Portside Master Owners Association, insurance, property tax, repairs, management fees to the garage operator, and other ordinary business expenses during the pendency of this case. *See* ECF No. 5 at 3.

5

Case: 25-30699    Doc# 20    Filed: 09/09/25    Entered: 09/09/25 17:30:37    Page 5 of 8

15. The Chua Decl. reports that the Debtor has had average monthly revenues of $44,500 in 2025 and $63,000 in average monthly expenses. *See* ECF No. 6 at 3. The Chua Decl. reports those monthly expenses include $26,700 monthly mortgage payments to the Bank of Hawaii, $731 monthly payments to the SBA, and disputed monthly dues of $29,000 owed to the Portside Master Owner's Association. *See id.* A cash budget is not provided. *See id.*

16. The Chua Decl. identifies the cash collateral as about $50,000 held in financial accounts with Bank of Hawaii and Chase Bank and future monthly fees collected from patrons of the Parking Garage. *See* ECF No. 6 at 2 & 3.

### III. OBJECTION

**A. The Court Should Deny Relief Because the Motion is Grossly Deficient.**

17. Four principles for Courts to consider with regard to first day motions are:

> First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.
>
> Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will effect no unanticipated or untoward consequences.
>
> Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.
>
> Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.

*See In re The Colad Group, Inc.*, 324 B.R. 208, 213-14 (Bankr. W.D.N.Y. 2005).

//

//

18. Fed. R. Bankr. P. 6003 further provides that the Court shall not issue orders granting motions to use, sell, lease, or otherwise incur obligations regarding property of the estate, except for a motion under Fed. R. Bankr. P. 4001, within 21 days after the filing of a petition, except to the extent that relief is necessary to avoid immediate and irreparable harm.

19. Fed. R. Bankr. P. 4001(b) requires that a motion for authorization to use cash collateral must comply with Fed. R. Bankr. P. 9014 and must be accompanied by a proposed form of order. Fed. R. Bankr. P. 4001(b) requires that the motion must consist of a concise statement listing or summarizing all material provisions, including the name of each entity with an interest in the cash collateral, how the cash collateral will be used, the material terms of its use, including duration, and the adequate protection that is proposed to be provided.

20. Fed. R. Bankr. P. 4001(b)(2)(A) provides that the Court may begin a final hearing on a motion to use cash collateral no earlier than 14 days after it has been served. While Fed. R. Bankr. P. 4001(b)(2)(A) also provides that the Court may conduct a preliminary hearing before that 14-day period ends, the Court may only authorize using the cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing. LBR 9014(b)(1) requires, among other things, that motions for cash collateral governed by Fed. R. Bankr. P. 4001(b) be set for an actual hearing, unless otherwise ordered. LBR 9014(c) requires that the motion and other papers must be filed and served at least 28 days before the actual scheduled hearing date with responses due 14 days and replies due 7 days prior to the hearing.

21. According to Fed. R. Bankr. P. 4001(b)(1)(C), the motion must be served on each entity with an interest in the cash collateral, all those who must be served under (a)(1)(A), and any other entity the court designates. Fed. R. Bankr. P. 4001(b)(2)(B) requires that notice of a hearing on the motion must be given to these same parties.

22. In this case, the Debtor has requested interim authority to use cash collateral ex parte, which is inconsistent with the hearing requirement of Fed. R. Bankr. P. 4001(b)(2) and LBR 9014(b)(1). *See* ECF Nos. 5 at 1. Because the Debtor has not filed a certificate of service showing the Motion and notice of hearing has been served on each entity with an interest in the cash collateral—Bank of Hawaii, SBA, 21st Century Corporation, CCI, and Portside Master Owners Association—the service requirements of Fed. R. Bankr. P. 4001(b)(2)(B) have not been satisfied. *See* Docket *generally*. Additionally, the Debtor has not filed a proposed budget detailing the proposed use of cash collateral and material terms of its use. *See* ECF Nos. 5 & 6. Finally, the Debtor has not provided any evidence that the SBA or CCI have consented to the proposed use of cash collateral, and any relief would necessarily need to be interim, especially since the Debtor does not propose to provide CCI any adequate protection. *See* ECF Nos. 5 at 3 & 6 at 3.

23. Because the Motion is grossly deficient though, interim relief should not be granted because the Debtor has not made a showing that it has appropriately requested relief.

### IV. CONCLUSION

24. Based on the foregoing, the U.S. Trustee respectfully requests that the Court (i) sustain the Objection, (ii) deny the Motion, and (iii) grant such other relief as is just under the circumstances.

Dated: September 9, 2025

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ *Paul G. Leahy*
Paul G. Leahy
Trial Attorney for the
United States Trustee

8