```
 1  PETER N. HADIARIS, ESQ.
    State Bar No. 122590
 2  100 E. St. Ste 210
    Santa Rosa, CA 95404
 3  415/694-0052
    peter@hadiaris.com
 4  Attorney for debtor

 5

 6

 7

 8                  UNITED STATES BANKRUPTCY COURT

 9                  NORTHERN DISTRICT OF CALIFORNIA

10  In Re:                          )
                                    )
11  SF OAKLAND BAY LLC              )    No. 25-30699 HLB
                                    )
12              Debtor(s)           )    Chapter 11
                                    )
13              TIN: 5836           )    DEBTOR'S MOTION TO
    _____)    REJECT 1997 EXECUTORY
14                                       CONTRACT WITH
                                         PORTSIDE HOMEOWNERS'
15                                       ASSOCIATION

16                                       October 16, 2025
                                         10:00 a.m.
17                                       Videoconference/Ctrm 19

18      SF Oakland Bay LLC ("SFOB"), the debtor in possession, moves

19  for an order rejecting the October 9, 1997 license agreement with

20  addenda between Portside II LLC, SFOB's predecessor in interest,

21  and Portside Homeowners' Association ("PHOA") under 11 USC §365.

22  This license agreement from the 1990's gives the residents of the

23  Portside condominium complex steep and financially infeasible

24  discounts parking in the debtor's garage.

25      The Debtor operates a parking garage at 401 Main Street/38

26  Bryant St., San Francisco, CA.  The garage provides licensed

27  monthly parking to the Portside Condominium complex and

28  neighboring office and residential buildings.  PHOA is the home
```

owners' association for Portside.

SFOB's financial distress stems from limitations on its ability to raise parking fees over time contained in two perpetual license agreements recorded in the 1990's, while no limits apply to its expenses.  SFOB filed this case to reject the license agreements, raise rates to near market, and thereby restore financial viability to the garage.  100% of the SFOB's operating revenue comes from monthly fees charged to patrons of the garage, who are nearby residents and office workers.

PHOA passes its expenses through to the debtor through its sister HOA, the Portside Master Owner's Association ("PMOA"). The Portside is a mixed condominium project in which the PHOA is the HOA for the residential units, and the PMOA is the HOA for the entire project.  The PHOA and SFOB are each members of the PMOA, but the PHOA controls the PMOA Board, holding three of the five Board seats.  The PHOA has used this control to pass many of its operating expenses to the PMOA, where SFOB is required to pay 20-28% of the expenses through its monthly dues.

As a result, the required to monthly revenues from the garage are less than the combined monthly payments for SFOB's first mortgage and PMOA dues, locking in monthly losses and leaving SFOB no funds for property taxes and other garage expenses.  SFOB's decision to file this case and seek rejection of the licenses is well justified by its current circumstances.

The license agreement is an executory contracts, as performance is still due from both sides.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977),  "An executory contract is one under which the obligations of both the debtor and the other party 'are

so far unperformed that the failure of either to complete performance would constitute a material breach and thus excuse the performance of the other.'" *In re Robert Helms Const. & Dev. Co.*, 139 F.3d 702, 705 (9th Cir. 1998).

Under the terms of the license, SFOB has an ongoing duty to provide parking to PHOA and those PHOA members who sign a license addendum. 1997 License, ¶1; PHOA is responsible for assigning parking spaces to owners. 1997 License, ¶1; PHOA and the owners are obligated to pay for the parking spaces assigned to them, 1997 License, ¶3, and the PHOA has an ongoing obligation to cooperate in enforcement of SFOB's rules and regulations for the use of the garage. 1994 License, ¶6. SFOB's failure to provide parking spaces would obviously entitle the PHOA and the Owners to refuse to pay for them. PHOA's and the Owners' failure to perform its obligations expressly entitle SFOB to terminate the license. 1997 License, ¶9(a). Thus, the license is an executory contracts.

Motions to reject executory are subject to the business judgment rule. *In Re GI Industries Inc.*, 204 F3d.1276, 1282 (9th Cir. 2000). The court must presume that the debtor acted "prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In Re Pomona Valley Medical Group Inc.*, 476 F.3d 665, 670 (9th Cir. 2007). The court should approve rejection unless the debtor's decision is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id.*

In this case, rejection of the license agreement is clearly

justified.  The two license agreements depress the garage's revenues to such an extent that revenues do not cover the monthly mortgage and homeowner dues.  The mortgage is not the problem; the interest rate is only 3.99%, and SFOB purchased the garage with an ample down payment.  The license agreements are old, and circumstances have changed greatly in the thirty years they have been in effect.  The commercial parking market has suffered because of the decline in commuting, and the PHOA has abused the license agreements by using the price caps to force the garage to contribute to its operating expenses without recourse.  Rejecting these two licenses is the single most important step that the debtor needs to take to re-establish financial feasibility for the garage.

   The motion to reject the license agreement should be granted.

Dated: September 15, 2025       PETER N. HADIARIS, ESQ.

                                ***Peter N. Hadiaris***
                                Peter N. Hadiaris, Esq.
                                Attorney for debtor