PETER N. HADIARIS, ESQ.
State Bar No. 122590
100 E. St. Ste 210
Santa Rosa, CA 95404
415/694-0052
peter@hadiaris.com
Attorney for debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:                                ) No. 25-30669 HLB
                                      ) Chapter 11
SF OAKLAND BAY LLC                    )
                                      ) DECLARATION OF MATT
            Debtor(s)                 ) HOLLANDER SUPPORTING
                                      ) MOTION TO APPROVE
            TIN: 5836                 ) POST PETITION BORROWING
                                      )

October 16, 2025
1:00 a.m.
Zoom/Ctrm 19

I, Matt Hollander, declare:

1. I am a licensed mortgage loan broker. I have personal knowledge of the facts in this declaration and can testify to them competently if called as a witness.

2. I have been a real estate licensee since 2010, and broker since 2013. I am the principal of Bluepoint Commercial Mortgage Inc. ("BCM"), in Mill Valley, CA, which has been licensed as an independent mortgage broker since 2013. We have lending relationships with banks, credit unions, life insurance companies, agency lenders, CMBS, pension funds, mortgage REITS, and private equity. We have funded, arranged, or underwritten more than $2B in commercial real estate loans. BCM currently has five associate licensees. I have engaged full time in the

1

Case: 25-30699   Doc# 50   Filed: 10/01/25   Entered: 10/01/25 20:30:08   Page 1 of 2

practice of loan brokerage since 2013.

3. Peter N. Hadiaris, the debtor's counsel, contacted me to request my assistance in locating post-petition financing for the debtor. He explained that the debtor is seeking $250,000 in post-petition financing to cover operating expenses and litigation costs, preferably unsecured, but possibly with a third priority deed of trust on the parking garage owned by the debtor. My understanding is that the debtor is cash flow negative and the appraised value of the garage depends on the debtor's success in using bankruptcy to avoid a number of unfavorable licensing agreements limiting parking revenues.

4. After discussing the debtor's financial situation, I advised Mr. Hadiaris that I did not see a way to obtain needed financing, on either a secured or unsecured basis. In my view, potential lenders would look at the small size of the loan and conclude that the limited returns would not be justified by the effort to properly evaluate what is obviously a very risky situation. The best option for the debtor would be to obtain financing from an existing lender, equity holder, or other party already familiar with the debtor's operations. I certainly do not know of any lenders that would consider this loan on either an unsecured or secured basis with the collateral the debtor has to offer.

Executed September 30, 2025 in Mill Valley, CA. I declare under penalty of perjury that the foregoing is true and correct.

Matt Hollander