**Entered on Docket**
**October 8, 2025**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  PETER N. HADIARIS, ESQ.    Signed and Filed: October 8, 2025
   State Bar No. 122590
2  100 E. St. Ste 210
   Santa Rosa, CA 95404
3  415/694-0052
   peter@hadiaris.com
4  Attorney for debtor

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | |
| ) | |
| SF OAKLAND BAY LLC ) | No. 25-30699 HLB |
| ) | |
| Debtor(s) ) | Chapter 11 |
| ) | |
| TIN: 5836 ) | |
| _____) | |

**ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**

On September 5, 2025, Debtor filed an Application to Employ Counsel.  There being no opposition, and for good cause shown, the Court hereby ORDERS as follows:

1. Debtor is authorized to employ Peter N. Hadiaris ("Counsel") as general bankruptcy counsel effective September 3, 2025.

2. Counsel shall place the unearned balance of any initial retainer in Counsel's trust account. Notwithstanding any agreement to the contrary, fees may not be considered earned until work is performed at Counsel's normal hourly rate.  Counsel may draw funds out of the trust account as they are earned for services benefitting the estate only.  No order of Court is necessary.

3. Counsel shall accept no further funds from Debtor beyond

the initial retainer without an authorizing court order.

4. Under no circumstances shall Counsel represent Debtor personally where such representation is contrary to the interests of the bankruptcy estate.

5. Counsel may represent Debtor personally in matters which do not benefit the estate, so long as such matters are not contrary to the interests of the bankruptcy estate, such as defending dischargeability actions or avoiding a lien on exempt property.

6. Counsel may not use retainer funds to pay for the services described in paragraph 5 above. Counsel may seek compensation for such services in a fee application, provided the services are segregated and properly identified. Fees may be awarded for such services where the Court finds that the services contributed to a successful reorganization or the fees will not be paid by the estate.

7. All funds paid to Counsel in connection with the representation approved pursuant to this order are subject to review and final approval by the Court.

8. Any terms contained in Counsel's engagement agreement with the Debtor that are contrary to the Bankruptcy Code or Rules are void.

9. Counsel shall file applications for approval of fees and expenses in accordance with 11 U.S.C. §§ 326-331 (as applicable); Fed. R. Bankr. Proc. 2016(a), 2002(a), (c), and (k); B.L.R. 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (available on the court website at

1 | (http://www.canb.uscourts.gov/).  Fee applications that do not
2 | comply with the foregoing authority may be denied.
3 |     10. The terms of this order may be modified only upon
4 | notice to all creditors and the U.S. Trustee, and
5 | only after an actual hearing, regardless of whether
6 | there is any opposition.
7 |                          *** END OF ORDER ***

COURT SERVICE LIST

None.