Entered on Docket
January 13, 2026
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: January 13, 2026

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

SF Oakland Bay LLC,

    Debtor.

Case No. 25-30699 HLB

Chapter 11

### MEDIATION ORDER

Good cause appearing, IT IS HEREBY ORDERED THAT:

1. A mediation in the above matter will be held before Bankruptcy Judge William J. Lafferty III (the "Mediation Judge") beginning on January 26, 2026 at 9:00 a.m. (PT). The mediation will be conducted in person, as required by the Mediation Judge, and will proceed as determined by the Mediation Judge. The mediation will not be postponed absent leave of the Mediation Judge.

2. Each party shall prepare a proposal outlining an economic resolution to the dispute (the "Proposal"). The Debtor's proposal shall be delivered to the opposing party and to the chambers of the Judge no later than 4:00 p.m. (PT) on January 16, 2026. The proposal prepared by Portside Homeowner's Association shall be delivered to the Debtor and to the chambers of the Judge no later than 4:00 p.m. (PT) on January 22, 2026. The

Proposals shall be emailed to Meera_B@canb.uscourts.gov and **shall not be filed with the Clerk of the Court**.

3. The Proposal shall contain information which would be helpful to the Mediation Judge, including:
    a. A brief statement of the facts specifying those facts upon which the parties agree and the major facts in dispute;
    b. Copies of any governing contracts or other documents which are central to the case; and
    c. A description of the party's proposed economic resolution of the disputes.
4. The person or persons having full authority to settle the matter shall participate in the mediation unless excused for good cause shown on written application to the Mediation Judge.
5. Failure to comply with the terms and spirit of this order may lead to the imposition of sanctions under Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16(f).
6. The Mediation Judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a Mediation Judge, the Mediation Judge performs judicial duties. *See*, e.g., Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Bankruptcy Local Rule 9043-1; Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Mediation Judge and all court employees assisting the Mediation Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Mediation Judge's role as Mediation Judge.
7. All parties participating in the mediation process will automatically (i) waive and be unable to assert any claims or causes of action against the Mediation Judge or any court employees assisting with the mediation process that arise from or relate to the mediation process and (ii) waive and be unable to seek to compel from the Mediation Judge or from any court employees assisting with the mediation process any oral or written

testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Mediation Judge or any court employees while serving in such capacity), or other participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind. The Mediation Judge may, in the Mediation Judge's sole discretion, require that the parties sign an agreement memorializing these understandings as a precondition to serving as a Mediation Judge.

8. All documents and statements by the parties, attorneys, the Mediation Judge, any court employees, or other participants that are presented or made during the mediation will in all respects be privileged, not reported, recorded, placed into evidence, made known to the court, or construed for any purpose as an admission. No party is bound by any statement made or act taken during the mediation process unless a settlement is reached, in which event the settlement terms must be reduced to writing or recited and agreed on the record.

9. The court has and retains exclusive jurisdiction and power regarding all matters arising from or related to (i) this order and (ii) the Mediation Judge's role as Mediation Judge.

IT IS SO ORDERED.

**END OF ORDER**

**COURT SERVICE LIST**

None.