Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Tel.: (415) 421-2624
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com

Attorneys for SF Oakland Bay LLC
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>SF OAKLAND BAY LLC<br><br>Debtor-in-Possession. | Case No. 25-30699-HLB<br><br>Chapter 11<br><br>**DEBTOR'S STATUS CONFERENCE STATEMENT**<br><br>Hearing:<br>Date: February 12, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 19<br>    450 Golden Gate Ave.<br>    San Francisco, CA 94102<br><br>***OR VIA ZOOM WEBINAR*** |

Debtor-in-possession, SF Oakland Bay LLC (the "Debtor"), submits the following status conference statement to update the Court pursuant to its Docket Text Order (the "Order") of December 8, 2025.

The Court entered the Order after it was advised by Debtor and creditor/counterparty, Portside Homeowners' Association ("PHOA"), that the parties wished to engage in mediation rather than move forward with the hearing on Debtor's Motion to Reject Two Executory

STATUS CONF STATEMENT      1

Contracts with Portside Homeowners' Association (the "Motion" - Dkt. 84). The Order continued the hearing on the Motion to February 12, 2026, and instructed the parties to file this statement to update the court on their efforts to resolve the Motion.

Unfortunately, there has been no progress toward a resolution of the issues raised in the Motion or Debtor's relationship with the PHOA. As the Court is aware, the Hon. William J. Lafferty, III generously agreed to act as mediator. Judge Lafferty held a pre-mediation zoom conference with the parties (Debtor, PHOA and the Debtor in Possession Lender which was also going to participate in the mediation) and scheduled an in-person mediation for January 26, 2026, in his Oakland courtroom. This Court issued its Mediation Order on January 13, 2026 (Dkt. 107). The Mediation Order set forth the protocol for the mediation. As Judge Lafferty had read the legal briefs in support and in opposition to the Motion, he said no further analysis of those points was needed in the Mediation Statements. Rather, he instructed the parties to exchange economic proposals, with the Debtor providing its proposal on January 16, 2026, and PHOA providing its responsive proposal on January 22, 2026.

Debtor timely submitted its economic proposal, which included two economic alternatives for resolving the parties' differences. PHOA timely submitted a response, but unfortunately, the response was not a counterproposal. Instead, PHOA attacked Debtor's pre-petition conduct and its management and offered nothing. On January 23, 2026, the morning after receiving PHOA's proposal, Judge Lafferty asked counsel to attend a conference via zoom that day. At the conference, Judge Lafferty advised that in light of PHOA's response to Debtor's proposal, he was not going to hold the scheduled mediation. He noted that if positions changed, he was willing to re-engage as mediator.

By the time Judge Lafferty understandably decided not to proceed, Debtor's principal, Joseph Chua, had already arrived in the Bay Area from the Philippines to attend the mediation. As Mr. Chua was here, counsel for the Debtor and PHOA discussed a possible meeting between the parties' representatives and their counsel to see if any progress could be made. Debtor agreed to meet at PHOA's counsel's office on January 26 or 27. Unfortunately, PHOA refused to meet

unless Debtor provided a full release/covenant not to sue for one of its members for his pre-petition conduct. Understandably, Debtor refused the demand, so no meeting was held.

Given the above, the hearing on Debtor's motion should go forward on February 12, 2026. Debtor intends to file shortly a motion seeking sanctions against PHOA for its refusal to participate in the mediation in good faith.

.

Dated February 5, 2026　　　　　　　　　　FINESTONE HAYES LLP

　　　　　　　　　　　　　　　　　　　　　/s/ Stephen D. Finestone
　　　　　　　　　　　　　　　　　　　　Stephen D. Finestone
　　　　　　　　　　　　　　　　　　　　Attorneys for the Debtor

# CERTIFICATE OF SERVICE

Pursuant to controlling General Orders and Local Bankruptcy Rules, undersigned counsel certifies that service of the foregoing was accomplished by the court via NEF and link to the document. On February 5, 2026, I checked the CM/ECF notifications for this action and determined that the following persons received the documents by NEF as stated below:

Andrew Azarmi on behalf of Interested Party 21st Century Corporation
andrew.azarmi@dentons.com

Matthew G. Bouslog on behalf of Interested Party Two Bryant Investors, LLC
mbouslog@allenmatkins.com, ncampos@allenmatkins.com

Donald H. Cram, III on behalf of Interested Party Portside Homeowners' Association
don.cram@stinson.com

Stephen D. Finestone on behalf of Debtor SF Oakland Bay LLC
sfinestone@fhlawllp.com

Rachael Tamiko Gonzales on behalf of Interested Party Two Bryant Investors, LLC
rgonzales@allenmatkins.com, pmorris@allenmatkins.com

Peter N. Hadiaris – former counsel for the Debtor
peter@hadiaris.com

Paul Gregory Leahy on behalf of U.S. Trustee Office of the U.S. Trustee / SF
Paul.Leahy@usdoj.gov

Office of the U.S. Trustee / SF
USTPRegion17.SF.ECF@usdoj.gov

Ryan A. Witthans on behalf of Debtor SF Oakland Bay LLC
rwitthans@fhlawllp.com

Dated February 5, 2026         FINESTONE HAYES LLP

*/s/ Stephen D. Finestone*
Ryan A. Witthans
Attorneys for SF Oakland Bay LLC
Debtor-in-Possession